IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CONTINENTAL MOTORS, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0221-WS-C |
| | ) |
| **JEWELL AIRCRAFT, INC.,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the court on defendant Jewell Aircraft, Inc.'s Motion for Judgment on the Pleadings as to Count III of the Complaint (doc. 30). The Motion has been briefed and is now ripe for disposition.

**I.     Relevant Background.**

The relevant facts governing this Rule 12(c) Motion are culled from the well-pleaded factual allegations of the Complaint as follows:[1]

On November 21, 2006, a Piper Lance Cherokee aircraft (the "Aircraft") went down near Bardstown, Kentucky, resulting in serious injuries to its occupants, Larry Dale Crouch and Teddy Lee Hudson. (Doc. 3, Exh. A, at ¶ 15.) Defendant, Jewell Aircraft, Inc., and others had overhauled the Aircraft's engine in spring 2005. (*Id.*, ¶ 18.) During that overhaul process, Jewell Aircraft installed a magneto (the "Magneto") manufactured by plaintiff, Continental Motors, Inc. ("Continental"), in the Aircraft's engine. (*Id.*, ¶ 21.) Jewell Aircraft performed this task incorrectly in several respects, by (i) using "an older, outdated, generation of AVCO clamps" that had "been superseded by a newer generation AVCO clamp;" (ii) using at least one

---

[1] When considering a motion for judgment on the pleadings, courts "must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). Therefore, the relevant facts are drawn directly from the well-pleaded allegations of the Complaint, and all such allegations are accepted as true.

AVCO clamp that had been "impermissibly modified prior to or during the Overhaul;" and (iii) using an "improper Superior Air Parts, Inc. gasket that was manufactured outside of the FAA approved specifications relating to this gasket." (*Id.*, ¶¶ 22-23.)

At the time of the overhaul, Jewell Aircraft was a distributor of Continental or was an agent or representative of a Continental distributor, having entered into a Product Support Agreement with Continental in January 2005. (*Id.*, ¶ 25.) That agreement provided, in pertinent part, that Jewell Aircraft "agrees to indemnify and hold [Continental] harmless from and against all claims, demands, obligations and liabilities … to the extent that [they] have resulted from or arisen out of any act or omission of [Jewell Aircraft], its officers, agents, representatives, servants, or employees." (*Id.*, ¶ 26.)

Crouch and Hudson filed suit against Continental, alleging *inter alia* that the crash was caused by separation of the magneto from the engine's accessory case, resulting in a sudden loss of engine power. (*Id.*, ¶¶ 27-28.) Those claims were initially filed in Kentucky, then transferred to this District Court to remedy a personal jurisdiction defect. (*Id.*, ¶ 32.) When the action ripened into a three-week trial before Judge DuBose in 2011, Crouch and Hudson presented both claims alleging wrongdoing by Continental itself (*i.e.*, claims that Continental had assembled a defective magneto or had failed to warn others of its defects), and claims alleging that Continental was liable because its agent (Jewell Aircraft) had negligently installed the magneto onto the Aircraft. (*Id.*, ¶¶ 33, 37-39.)[2] At trial, for reasons that are not germane to the instant

---

[2] The Court understands that Jewell Aircraft disagrees with these factual allegations, and that it maintains that the "negligent installation" claim had nothing to do with Jewell Aircraft. (Doc. 35, at 2-3.) For Rule 12(c) purposes, however, the Court confines its inquiry to the factual allegations of the Complaint, and construes all reasonable inferences in Continental's favor. The Complaint alleges that the claim presented in the Crouch/Hudson case was "whether Jewell acted as CMI's agent at the time he installed the magneto on the Aircraft and whether CMI was therefore liable for Jewell's negligent installation." (Doc. 3, Exh, A, ¶ 18.) A reasonable inference from the Complaint is that John Jewell installed the magneto on behalf of his company, Jewell Aircraft, Inc. Although defendant apparently contends that John Jewell actually performed this task on behalf of another, separate entity, ex-defendant John Jewell Aircraft, Inc., that factual issue is not amenable to resolution in defendant's favor on a Rule 12(c) Motion. Besides, Judge DuBose's ruling in the Crouch/Hudson case was clear that she "will also instruct [the jury] on the Plaintiffs' claim against [Continental] for negligent installation of the magneto by John Jewell and/or **Jewell Aircraft, Inc.**" (Civil No. 10-0072, doc. 325, at 1 (emphasis added).) So Jewell Aircraft's insistence that the negligent installation (Continued)

Motion, Crouch and Hudson withdrew their negligent installation claim. (*Id.*, ¶ 33.) The jury returned a verdict in Continental's favor on the remaining claims (negligent failure to warn, breach of warranty, strict liability). (*Id.*, ¶ 44.) That verdict and the accompanying judgment for Continental are presently on appeal to the Eleventh Circuit.

In this spinoff litigation initiated long after the trial of the Crouch/Hudson claims concluded, Continental asserts contract-based claims against Jewell Aircraft for failure to indemnify, defend and hold it harmless pursuant to the Product Support Agreement. (*Id.*, ¶ 47-50.) In Counts I and II, Continental's stance is that Jewell Aircraft is contractually obligated to reimburse it for attorney's fees incurred in defending itself in the Crouch/Hudson matter (which fees exceed the sum of $2 million, and continue to accrue). (*Id.*, ¶¶ 50, 51.) Of central importance to the pending Rule 12(c) Motion, Count III of Continental's Complaint interposes a distinct common-law indemnity cause of action against Jewell Aircraft. This claim alleges that, under Kentucky law, Jewell Aircraft owes Continental a duty of indemnification for those expenditures because (i) Jewell Aircraft breached a duty of care by negligently attaching the magneto; (ii) Continental is "not guilty of any fault" as to the accident and is "not *in pari delicto*" with Jewell Aircraft; (iii) Continental was "exposed to liability" in the Crouch/Hudson suit "for the wrongful act(s) of and/or hazard(s) created by" Jewell Aircraft; and (iv) Continental "incurred substantial costs and expenses in defending the" Crouch/Hudson claims as a result of Jewell Aircraft's wrongful acts, such that Continental is entitled to recover those defense costs in this matter. (*Id.*, ¶¶ 57-62.)

Jewell Aircraft now seeks judgment on the pleadings as to Count III for two reasons. First, defendant contends that common-law indemnity under Kentucky law is available only where the party seeking indemnity (*i.e.*, the putative indemnitee) "was required to pay for injuries sustained by another" (doc. 30, at 3-4), which never happened here. Second, defendant argues that the existence of a written agreement between Continental and Jewell Aircraft destroys Continental's ability to rely on a common-law indemnity theory. (*Id.* at 4-6.) The

---

claim only involved John Jewell and John Jewell Aircraft, Inc., is directly contradicted by the plain language of the subject order recognizing that claim as a triable issue.

parties having devoted dozens of pages of briefing to these two narrowly circumscribed issues, the Court now turns to the merits of the Rule 12(c) Motion.[3]

## II.     Analysis.

### A.     *Governing Legal Standard.*

In this Circuit, "[j]udgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted); *see also Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) ("Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.") (citations omitted).  As a general rule, courts "will not consider matters outside the pleadings when passing on a Rule 12(c) motion." *Horsley v. Feldt*, 304 F.3d 1125, 1136 n.6 (11th Cir. 2002).[4]

---

[3]  This is not the first Rule 12 motion defendant has filed in this case.  To the contrary, Jewell Aircraft and its former co-defendants (John Jewell and John Jewell Aircraft, Inc., both of whom were dismissed from this litigation for want of personal jurisdiction) previously filed a Rule 12(b) Motion that attacked the Complaint on numerous grounds; however, that Motion did not raise or develop any challenges particularly directed at Count III. (*See* doc. 3.)  The Court's 29-page Order entered on July 30, 2012 observed that "Defendant's Motion to Dismiss is silent as to Count III of the Complaint."  (Doc. 23, at 22 n.26.)  A few weeks later, Jewell Aircraft filed this Rule 12(c) Motion, triggering another time-consuming wave of briefing.  Although such a piecemeal Rule 12 motion practice is inefficient and burdensome to both judicial and litigant resources, no procedural objections have been raised by plaintiff to this Rule 12(c) Motion.  The Court will consider it on the merits.

[4]  The limited purposes and obvious utility of Rule 12(c) motions have been summarized as follows: "Judgment on the pleadings is, of course, not lightly to be given.  On the other hand, litigants should not be required to go through the full and elaborate process of trial of issues when there is a dominating legal principle governing liability which is dispositive of the case without the necessity of trial." *M.R. v. Board of School Com'rs of Mobile County*, 2012 WL 2931263, *1 n.4 (S.D. Ala. July 18, 2012) (citation omitted); *see also Scranton Times, L.P. v. Wilkes-Barre Pub. Co.*, 2009 WL 3100963, *2 (M.D. Pa. Sept. 23, 2009) ("A court should only grant a motion for judgment on the pleadings if it is clear that the merits of the controversy can be fully and fairly decided in this summary manner.").

### B. Whether Plaintiff is "Exposed to Liability" under Kentucky Law.

Jewell Aircraft asserts that Count III fails as a matter of law because Kentucky law requires a common-law indemnitee to show "that it was required to pay a third party for the third party's claimed damages." (Doc. 30, at 3.) For its part, Continental disagrees that a claim of Kentucky common-law indemnity requires any such showing of actual liability to a third party in damages. (Doc. 34, at 7.) Defendant has the better argument.

Kentucky authorities are quite clear that "a claim for common law indemnity … arises only when the tortfeasors are *not* in pari delicto and when one party has been exposed to liability because of the wrongful act of another." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 782 (Ky. 2000); *see also Greenwell v. Lowe's Home Centers, Inc.*, 2012 WL 3046417, *2 (Ky. App. July 27, 2012) ("Indemnity is a firmly entrenched principle in our common law and is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto [in equal fault].") (citation and internal quotation marks omitted); *T-Netix, Inc. v. Combined Public Communications, Inc.*, 2012 WL 1078826, *3 (W.D. Ky. Mar. 30, 2012) ("The threshold issue when a common law indemnity claim is made is whether the indemnitee is exposed to liability because of the wrongful act of the indemnitor ….").[5] The obvious question, and the one about which the parties spar, is whether the term "exposed to liability" contemplates actual liability by the indemnitee in order to trigger common-law indemnity rights. A more precise way to frame the issue is whether one can be "exposed to liability" for indemnity purposes when a jury verdict has expressly determined that one is not liable at all.

There is abundant precedent applying Kentucky law which either states or suggests that the "exposed to liability" prerequisite for common-law indemnity requires an underlying liability in damages (in terms of a judgment, a settlement, or at least an ongoing proceeding for damages) by the would-be indemnitee (in this case, Continental) to a third party (in this case, Crouch and Hudson). *See Degener*, 27 S.W.3d at 781-82 ("a claim for indemnity … is one in which the claimant **seeks restitution for damages he/she was required to pay** for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is

---

[5] Neither side has voiced any quarrel or dissatisfaction with the application of Kentucky law to Count III. As such, the Court declines to investigate choice-of-law issues *sua sponte* when the parties appear to be in agreement that Kentucky law governs Count III.

sought") (emphasis added); *Budsgunshop.com, LLC v. Security Safe Outlet, Inc.*, 2012 WL 1899851, *5 (E.D. Ky. May 23, 2012) ("Kentucky courts have held that both statutory contribution and common-law indemnity require underlying liability by a third-party defendant to an original claimant.") (citation omitted); *Hall v. MLS Nat'l Medical Evaluations, Inc.*, 2007 WL 1385943, *2 (E.D. Ky. May 8, 2007) (same).⁶  This requirement that the indemnitee must be subject to actual legal liability to the third party has likewise been applied where the would-be indemnitee seeks to recover its attorney's fees via the common-law indemnity vehicle. *See Chittum v. Abell*, 485 S.W.2d 231, 237 (Ky. 1972) ("Attorney fees reasonably incurred in the defense of the claim for damages may in appropriate circumstances be allowed in the ***judgment of indemnity for the damages***.") (emphasis added); *Thompson v. The Budd Co.*, 199 F.3d 799, 807 (6th Cir. 1999) (similar).  These authorities, on their face, appear fatal to Continental's common-law indemnity cause of action.

Although Continental represents that the parties have located no on-point cases, it overlooks a Sixth Circuit decision applying Kentucky common-law indemnity principles to a fact

---

⁶ *See also Liberty Mut. Ins. Co. v. Lousville & N. R. Co.*, 455 S.W.2d 537, 541-42 (Ky. 1970) (in common-law indemnity context, "[i]ndemnity is simply the repayment to one party by another party who caused the loss, of such amounts the first party was compelled to pay. … Appellant's right to be indemnified is limited, of course, to the extent of its liability."); *Thompson v. The Budd Co.*, 199 F.3d 799, 807 (6th Cir. 1999) ("In addressing Kentucky's common law indemnity claim, courts have repeatedly recognized liability as a prerequisite."); *Affholder, Inc. v. Preston Carroll Co.*, 27 F.3d 232, 234 (6th Cir. 1994) (reciting Kentucky Supreme Court's response to certified question that "[a] general contractor does have a claim for indemnity against a construction project's engineers … when the general contractor ***has been found liable or has acknowledged liability to*** the project's subcontractor ….  The construction companies are potentially exposed to liability because of the alleged failures of the engineers.  ***If liability attaches*** and if the cause of that liability rests on the engineers, the construction companies are entitled to indemnity.") (emphasis added); *Kentucky School Boards Ins. Trust v. Horace Man Ins. Co.*, 1999 WL 685929, *3 (6th Cir. Aug. 27, 1999) ("to state a cause of action for indemnity in Kentucky," a party must be able to prove that it "was subject to *actual* legal liability") (citations omitted); *Ford Motor Co. v. Manning Equipment, Inc.*, 2005 WL 1862086, *2 (W.D. Ky. Aug. 3, 2005) ("The common law indemnity turns … upon whether the party asserting the claim for indemnification was held legally liable for another's negligence."); *see generally Long v. Illinois Cent. Gulf R. Co. in Paducah, Ky.*, 660 F. Supp. 469, 473 (W.D. Ky. 1986) ("The law of Kentucky is that a defendant who has settled a claim against him may recover on a claim for indemnity ... only after the defendant has shown that he was actually liable on the plaintiff's claim ….  [T]he indemnitee must allege that the indemnitee was subject to *actual* legal liability.").

pattern remarkably similar in all material respects to the case at bar. In *Thompson v. The Budd Co.*, 199 F.3d 799 (6th Cir. 1999),[7] Thompson was injured in a 16-foot fall while working as a contractor in Budd's automobile part stamping plant. Thompson sued Budd, as well as Barton (who built the facility) and Kahn (who was a consultant at the facility). Budd brought Kentucky common-law indemnity cross-claims against Barton and Kahn. On summary judgment, all of Thompson's claims against Budd were dismissed. Thus, Budd was found to have no liability to Thompson (just as Continental was found to have no liability to Crouch and Hudson). Notwithstanding this successful outcome, Budd continued to press its common-law indemnity claims against Barton and Kahn, presumably to recover attorney's fees expended in the litigation (just as Continental has continued to pursue common-law indemnity claims against Jewell Aircraft to recover its attorney's fees). The district court dismissed Budd's common-law indemnity claims, reasoning that without Budd having liability to Thompson, Budd could not recover in indemnity from Barton and Kahn. On appeal, the Sixth Circuit affirmed. After review of pertinent Kentucky case law, the *Thompson* panel opined, "In general, then, a party cannot recover under a common law indemnity claim if it has not been held liable to a third party. Budd is not liable to Thompson; thus, Budd's common law indemnity claims fail." 199 F.3d at 807 (footnote omitted). The *Thompson* ruling expressly encompassed Budd's claims for attorney's fees, noting that "liability for the underlying claim is also a prerequisite for a common law indemnity claim for attorney fees" under Kentucky law. *Id.* Because Budd was not liable to Thompson, it could not recover in common-law indemnity from Barton and Kahn for attorney's fees expended in defending against Thompson's claims.

Continental's Kentucky common-law indemnity claim against Jewell Aircraft fails as a matter of law under the *Thompson* reasoning, as well as the other cases cited *supra*. Continental was fully exonerated in the underlying litigation from any liability to Crouch and Hudson, yet it now pursues common-law indemnity claims against Jewell Aircraft to recover the $2 million-

---

[7] Tellingly, *Thompson* was one of just three cases cited by Jewell Aircraft in its principal brief on this point, yet Continental's nine-page analysis of this "exposed to liability" issue eschews any discussion of *Thompson*. Continental does not argue that the Sixth Circuit misapplied Kentucky law. It does not argue that Kentucky law has changed since *Thompson* was decided. And it does not argue that *Thompson* is distinguishable. Instead, plaintiff simply ignores *Thompson* and hopes no one will notice.

plus in attorney's fees it expended in defending against the Crouch/Hudson claims.  There having been an express jury finding of no liability, Continental is not liable to Crouch and Hudson.  Because it cannot show that it was subject to actual legal liability, Continental cannot recover its attorney's fees from Jewell Aircraft under a Kentucky common-law liability theory.

Notwithstanding the foregoing, Continental insists that "exposed to liability" for common-law indemnity purposes does not actually require a finding of liability to a third party.  There is limited Kentucky authority supporting this proposition, at least superficially.  *See T-Netix*, 2012 WL 1078826, at *3 (for purposes of "exposed to liability" query, "a finding of liability to a plaintiff is not required"); *Barton Brands, Ltd. v. O'Brien & Gere, Inc. of North America*, 550 F. Supp.2d 681, 689 (W.D. Ky. 2008) ("liability to a plaintiff is not a prerequisite for a viable indemnity claim against the ultimate responsible party").  However, careful review of these decisions reveals a critical distinction from Continental's circumstances.  In *T-Netix*, the court denied the putative indemnitor's motion to dismiss because the indemnitee "may be exposed to liability" to the third party.  2012 WL 1078826, at *3.  Similarly, in *Barton Brands*, the court declined to dismiss a common-law indemnity claim where the indemnitee "could conceivably be held liable" to a third party for the indemnitor's negligence.  550 F. Supp.2d at 689.  Here, by contrast, Continental has been conclusively found by a jury not to be liable.  As long as that verdict stands, it is not possible or conceivable that Continental could be held liable to Crouch and Hudson; rather, unlike the cases cited by Continental, this matter has already crossed that hurdle via an express jury determination of no liability.  Neither *T-Netix* nor *Barton Brands* can reasonably be read as allowing a Kentucky common-law indemnity claim to proceed in the wake of such a no-liability verdict.[8]

---

[8] Stated differently, the eventuality that was still possible in *T-Netix* and *Barton Brands* – namely, that the indemnitee would be held liable to a third party – has been foreclosed here.  Far from contravening the Sixth Circuit's discussion in *Thompson*, these cases actually are fully consistent with *Thompson*'s treatment of this issue, to-wit: "[I]f a claim for liability is brought against a party … such defendant may maintain an indemnity action in conjunction with the principal suit at least until the resolution of the underlying liability claim.  If the defendant is found not liable, then the common law indemnity claims must be dismissed as well."  *Thompson*, 199 F.3d at 807 n.2; *see also Long*, 660 F. Supp. at 473 (recognizing difference in what must be shown to sustain indemnity cause of action while principal action is ongoing, versus what must be shown to sustain indemnity for principal action that is concluded, and noting that in latter circumstance indemnitee must plead "that it was liable" on the claim).

Nor is plaintiff's position bolstered by its heavy reliance on an unpublished Kentucky appellate opinion, *Bloom v. Marine Industries Co.*, 2004 WL 1103591 (Ky. App. May 14, 2004), which it champions as "the closest case" to that presented here. (Doc. 34, at 13.)[9] In actuality, *Bloom* is materially dissimilar from the case at bar. In *Bloom*, the putative indemnitees were sued by an injured third party. The indemnitees paid $100,000 to settle the third party's claims against them. After reaching that settlement, the indemnitees pursued an indemnity claim against the putative indemnitor (who had also settled with the third party). The indemnitor argued that the indemnitees' failure to admit liability to the third party precluded them from proceeding with an indemnity claim, because their denial of liability to the third party was fundamentally inconsistent with their indemnity claim (which requires liability). The *Bloom* court rejected the indemnitor's argument, making the unremarkable observation that "the law does not require an admission of liability for indemnity to attach." 2004 WL 1103591, at *2.[10] Thus, *Bloom* involved availability of indemnity cause of action pursuant to a settlement with a third party, while this case involves availability of indemnity cause of action after a jury determination of no liability to a third party. *Bloom*'s holding concerned whether an admission of liability is a prerequisite to indemnity, not whether a jury verdict of no liability is an impediment to indemnity. The circumstances are vastly different, and *Bloom* is unilluminating in resolving the specific issue presented here.

---

[9] As an unpublished opinion, *Bloom* lacks precedential value. Moreover, the Court finds it significant that in the 8.5 years since it was decided, *Bloom* has been neither discussed nor even cited a single time by any treatise, law review article, or case authority, published or unpublished, in any jurisdiction. This fact, in and of itself, casts a pall over Continental's enthusiasm that *Bloom* somehow unlocks the true meaning of Kentucky's common-law indemnity doctrine, revealing its truths and inner workings in a manner that the myriad other published Kentucky authorities fail to do.

[10] Critically, the question in *Bloom* was whether a plaintiff could seek indemnity without having <u>admitted</u> liability for the underlying claim. That is very different from the question here, which is whether a plaintiff can seek indemnity after having been exonerated from all liability in the underlying action. *Bloom* did not have occasion to consider the latter question because the indemnitees in that case had entered into a $100,000 settlement of the underlying claim; however, *Bloom* did recite the general proposition that "there is no indemnity without liability," *id.*, which directly advances Jewell Aircraft's position here.

The point is straightforward and inescapable.  To sustain a cause of action for common-law indemnity under Kentucky law, there must be liability.  *See, e.g., Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247, 253 (Ky. 1995) ("Indemnity is not an issue until fault has been determined. … There can be no indemnity without liability."), *overruled on other grounds by Martin v. Ohio County Hosp. Corp.*, 295 S.W.3d 104 (Ky. 2009).  While such liability may take various forms (*i.e.*, a judgment of liability, an admission of liability, a settlement payment, or even the prospect of liability because of an ongoing action for damages brought by a third party), the liability requirement remains.  Here, however, liability has been extinguished by the jury's determination at trial that Continental is not liable to Crouch and Hudson.  Plaintiff has been unable to identify a single case in which a court applying Kentucky law has ever recognized a claim for common-law indemnity in these circumstances; however, defendant has pointed to *Thompson v. The Budd Co.*, a Sixth Circuit decision from 1999 that applied Kentucky law to find no viable common-law indemnity claim in these circumstances.  Many other Kentucky decisions have stressed the need for liability (whether via judgment, settlement, or possible liability in a pending action) by the party seeking indemnity.  Kentucky courts have never applied their own doctrine in the manner that Continental advocates.  This Court will not seize on fragmentary bits of language, taken out of context from cases in a substantially divergent procedural posture, to promote Continental's position in the face of compelling authority to the contrary.  In short, Continental's common-law indemnity cause of action fails as a matter of law because Kentucky has never allowed such a claim to proceed following a judicial determination that the indemnitee is not liable to the third party.[11]

**III.   Conclusion.**

For all of the foregoing reasons, Jewell Aircraft's Motion for Judgment on the Pleadings as to Count III of the Complaint (doc. 30) is **granted**.  Count III of the Complaint, alleging a

---

[11] In light of this conclusion, the Court need not address Jewell Aircraft's alternative argument for Rule 12(c) relief, to-wit: that the existence of the Product Support Agreement between Continental and Jewell Aircraft forecloses Continental from pursuing a claim for common-law indemnity, as a matter of law.  The Court expresses no opinions and makes no findings concerning this alternative theory for relief.

cause of action for common-law indemnity under Kentucky law, is **dismissed without prejudice**.[12]

DONE and ORDERED this 28th day of November, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[12] This dismissal is without prejudice because Crouch and Hudson's appeal of the jury verdict entered in Continental's favor in the underlying case is apparently still pending. (*See* doc. 3, Exh. A, ¶ 45.) If Crouch and Hudson were to succeed on appeal in overturning the jury verdict and being granted a new trial on their claims against Continental, then that development could create a new possibility that Continental may be liable to Crouch and Hudson. In that event, Continental may be able to maintain a Kentucky common-law indemnity claim against Jewell Aircraft, at least until the resolution of the underlying liability claim. Even then, however, if Continental were ultimately found not to be liable to Crouch and Hudson, then the common-law indemnity claims would again have to be dismissed for the reasons and pursuant to the authorities set forth *supra*. The Court dismisses Count III without prejudice to allow these potential scenarios to play out.