IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CONTINENTAL MOTORS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0221-WS-C |
| ) | |
| **JEWELL AIRCRAFT, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

    This matter is before the Court on defendant Jewell Aircraft Inc.'s Objection (doc. 54).

    On November 28, 2012, the undersigned entered an Order (doc. 47) that granted defendant Jewell Aircraft, Inc.'s Motion for Judgment on the Pleadings as to Count III of the Complaint (doc. 30).  In footnote 2 of the November 28 Order, the Court pointed out that Judge DuBose had entered a written order in the underlying litigation that clearly delineated the nature of the negligent installation cause of action that would be presented to the jury.  Judge DuBose's ruling did not affect the November 28 Order's analysis in any material way, but was strictly in the nature of a background fact.

    Jewell Aircraft now files an Objection (doc. 54) to the November 28 Order.  The Objection is peculiar in at least a pair of respects.  First, Jewell Aircraft is objecting to an order that granted its Motion for Judgment on the Pleadings.  It is not often that a party in federal court lodges written objections to an order that decided a motion in that party's favor.  Second, the premise of the Objection appears to be that the November 28 Order somehow trammeled Jewell Aircraft's due process rights by binding it to Judge DuBose's written order even though Jewell Aircraft was not a party to that underlying case.  Although this argument seems at first blush to be a striking misapplication of the doctrine and cases cited, the Court has no occasion to address that question now.  After all, the Objection makes plain that Jewell Aircraft "is not now asking this Court to strike or modify the November 28, 2012 Order." (Doc. 54, at 3.)  So this is not a motion to reconsider.  It is not a Rule 59(e) or Rule 60(b) motion.  In fact, it is not a motion at

all.  Rather, the Objection is simply an unsolicited statement of Jewell Aircraft's position on an issue that was entirely collateral to (and in no way definitively decided by) the November 28 Order.  The Court is unaware of any provision in the Federal Rules of Civil Procedure, the Local Rules, or elsewhere, that would authorize a litigant to file a document in federal court that seeks no relief, but that simply holds forth on particular subjects and expresses dissatisfaction and disagreement with statements in the court's earlier rulings.[1]  Federal court filings are not a soap box for a litigant to pontificate about its views and take shots at court orders, *a propos* of nothing.[2]

Nor does Jewell Aircraft's explanation for its filing – namely, that it "seeks to avoid any argument that JA waived its positions in this regard" – in any way relieve that submission of this procedural impropriety.  The Court is at a loss to perceive how even a colorable waiver argument could be derived from a party's non-objection to a collateral issue mentioned (but not definitively decided) in a footnote in an order that concerned an entirely distinct legal issue, particularly where that party's previous filings unambiguously tout a contrary view of that collateral issue.  Simply put, it is not correct that this Objection was mandatory to preserve Jewell Aircraft's position on the issue or to stave off a future waiver argument.

In sum, the Court finds that the Objection (doc. 54) is wholly unnecessary and procedurally improper, and that it serves no purpose other than to clutter the court file and to

---

[1] There is authority to the contrary.  *See, e.g., Briel v. Chang O'Hara's Bistro, Inc.*, 2005 WL 827087, *1 n.2 (D. Minn. Apr. 8, 2005) (refusing to consider party's unsolicited memorandum of law that did not accompany a motion); *O'Shea v. Yellow Technology Services, Inc.*, 208 F.R.D. 634, 635 (D. Kan. 2002) ("It is a fundamental matter of practice in federal court that all applications for an order shall be made by motion."); *United States v. Conservation Chemical Co.*, 106 F.R.D. 106 F.R.D. 210, 227 (W.D. Mo. 1985) ("Where a party merely objects to a court's order, rather than making application for relief or other order, such an action does not constitute a motion within the meaning of Rule 7(b)(1)."); *see generally* Local Rule 5.1(d) ("A request for court action should be submitted in the form of a motion, petition or other pleading as authorized by statute or rule.").

[2] The Objection's implicit suggestion (by virtue of the language that Jewell Aircraft is "not now asking" for relief) that it is a placeholder for some future motion that Jewell Aircraft might someday file is likewise inappropriate and well outside the parameters of governing procedural rules.

invite rounds of wasteful briefing about an issue as to which there are no pending motions.[3]  The Court will not allow it or the litigants to be distracted, sidetracked, or lured down an unproductive rabbit trail to resolve an issue that no party has squarely placed before the Court via motion as required by Rule 7(b) of the Federal Rules of Civil Procedure.  Accordingly, the Court exercises its inherent powers to **strike** the Objection as procedurally improper, inappropriate and inefficient.[4]

DONE and ORDERED this 28th day of December, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] To that point, the undersigned's chambers received a telephone call this morning from opposing counsel's office inquiring as to whether a briefing schedule would be fixed for the Objection.  Thus, the Court's concern about the Objection triggering a wave of unnecessary briefing is not merely hypothetical or imaginary.

[4] *See generally Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (recognizing "the power inherent every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."); *Mazzeo v. Gibbons*, 2010 WL 3910072, *3 (D. Nev. Sept. 30, 2010) ("a district court has the inherent power to strike a party's submissions other than pleadings"); *Wright v. American's Bulletin*, 2010 WL 816164, *13 (D. Or. Mar. 9, 2010) ("It is clear that this inherent power includes the authority to sanction procedural impropriety in an appropriate manner, including by striking impertinent documents from the docket.").